Wagner *v.* Goldsmith.

---

No. 7157.

WAGNER *v.* GOLDSMITH.

NEGLIGENCE.—*Damages.*—A team of horses attached to a heavy wagon, having been left by the defendant in a public street near a railroad track,

hitched by the lines only to the lever of the rubber-block, escaped from his control and ran away, and, in so doing, ran over and against and destroyed the plaintiff's scales, without the latter's fault.

*Held*, that the defendant was guilty of such negligence as made him liable, in damages, for the destruction of plaintiff's scales.

From the Decatur Circuit Court.

*J. S. Scobey*, for appellant.

*C. Ewing* and *J. K. Ewing*, for appellee.

HOWK, J.—This suit was commenced by the appellant against the appellee, before a justice of the peace of Decatur county, in a complaint of two paragraphs. In the first paragraph the appellant alleged in substance, that, on the 15th day of June, 1877, he was the owner and proprietor of a pair of hay and stock scales, situate in the town of Osgood, Indiana, of the value of $200; that the appellee was then and there in the possession and had the management and control of two horses harnessed to a heavy wagon; that said team was then and there standing in a street in said town of Osgood, under the appellee's management and control; that the appellee then and there so carelessly managed the said team, that, through his carelessness and negligence, the said team became frightened and ran away and against, and struck with great force, the appellant's said hay and stock scales, and then and thereby crushed, broke in pieces and greatly damaged the said scales, so that they were then worthless, to his damage in the sum of $200. Wherefore, etc.

The second paragraph of the complaint differs from the first paragraph only in alleging that the scales were situate on the appellant's real estate in said town of Osgood, at the time they were so broken in pieces and damaged by the appellee's team.

The trial of the cause by a jury, before the justice, resulted in a verdict and judgment for the appellee. On appeal to the circuit court, a demurrer was sustained to the second paragraph of the complaint, and the cause was tried by the court upon the first paragraph of the complaint, and a finding was made for the appellee, the defendant below. Over the appel-

Wagner v. Goldsmith.

lant's motion for a new trial, and his exception saved, the court rendered judgment against him for the appellee's costs.

In this court, the only error assigned by the appellant is the decision of the circuit court in overruling his motion for a new trial. In this motion the following causes for such new trial were assigned by the appellant:

1. In the admission, over his objections and exceptions, of each and every part of John Emmert's evidence, and in not sustaining his objections to the questions to said witness.

2. In not rejecting said Emmert's evidence on his motion.

3. In the admission, over his objections and exceptions, of John Drake's evidence, and in not sustaining his objections to the several questions put to said witness;

4. In not rejecting said Drake's evidence on his motion;

5. The finding of the court was contrary to law; and,

6. The finding of the court was not sustained by the evidence.

The real question for decision in this case, as made by the evidence, as it seems to us, may be thus stated: Was the appellee in fault in suffering his team to escape from under his control and management, under all the circumstances of the case? If he was, then he ought to be held liable for such damages resulting directly from such fault, as the appellant may be shown to have sustained. But if the appellee was not in fault, if the injury complained of was unavoidable and the conduct of the appellee was free from blame, then he ought not to and will not be held liable for the resulting damages. There is but little, if any, conflict in the evidence, as it appears in the record, except as to the probable value of the appellant's scales. In our opinion the evidence clearly showed that the appellee's team, through his fault and negligence, escaped from his control and ran away, and, in so doing, they ran over and against the appellant's scales and broke them in pieces. The appellee had hitched his team by the lines only to the lever of the rubber-block, on the near side of his wagon, about ten feet from the railroad switch. He

was on the off-side of his wagon, between it and the switch, about ten feet from his team, and engaged in conversation.

On the main track of the railroad, and about fifty feet from the appellee's horses, a locomotive had stopped or was standing; and the noise made by the engine in blowing off its surplus steam frightened his team and caused it to run away, as alleged in the complaint. When the engine stopped so near to his team, or soon after, the appellee was told that "he had better attend to his horses, for they might run away;" but he did not heed the advice, although he heard it, as was shown by his own evidence. From the evidence in the record, it can not be said, we think, that the running away of the appellee's team, and the injury thereby done to the appellant's scales, was purely the result of casualty or accident. On the contrary we are of the opinion that the evidence fairly showed that the running away of the appellee's team, and the consequent injuries to the appellant's scales, were the direct result of the fault and negligence of the appellee. Under the circumstances of this case, it would seem to be clear that the appellee was not exercising ordinary care, skill and diligence in the control and management of his horses, at the time they became frightened and ran away. Herein lies the material difference between the case at bar and the case of *Brown* v. *Collins*, 53 N. H. 442. In the case cited there will be found an able and exhaustive examination of the authorities, English and American, upon the subject now under consideration; from which the doctrine is deduced, that if in such a case the defendant is in fault, he must respond in damages for such injuries as result directly from such fault or negligence. *Brown* v. *Kendall*, 6 Cush. 292; *Bennett* v. *Ford*, 47 Ind. 264.

The court erred, we think, in overruling the appellant's motion for a new trial.

The judgment is reversed, at the appellee's costs, and the cause is remanded with instructions to sustain the motion for a new trial, and for further proceedings not inconsistent with this opinion.